*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0294p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
　　　　　　　　　　*Plaintiff-Appellee,*

　　　*v.*

DARRELL SPENCER,
　　　　　　　　　　*Defendant-Appellant.*

No. 09-1114

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 93-80037-001—Nancy G. Edmunds, District Judge.

Decided and Filed: September 8, 2010

Before: GILMAN and COOK, Circuit Judges; OLIVER, Chief District Judge.[*]

_____

**COUNSEL**

_____

**ON BRIEF:** James R. Gerometta, FEDERAL DEFENDER OFFICE, Detroit, Michigan, for Appellant. Daniel R. Hurley, ASSISTANT UNITED STATES ATTORNEY, Ann Arbor, Michigan, for Appellee.

_____

**OPINION**

_____

SOLOMON OLIVER, JR., Chief District Judge. Appellant Darrell Spencer ("Spencer" or "Appellant") appeals from the modification of his crack cocaine sentence pursuant to 18 U.S.C. § 3582(c) by the district court in the Eastern District of Michigan on January 23, 2009. For the following reasons, we **AFFIRM** the decision of the district court.

---

[*] The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

1

## I.  FACTUAL AND PROCEDURAL HISTORY

On June 25, 1993, Appellant was convicted by a jury for  possession with intent to distribute cocaine base, possession with intent to distribute cocaine base within 1,000 feet of a public school, and use of a firearm during and in relation to a drug trafficking crime.  His adjusted offense level was 38, and he had a criminal history category of II, which resulted in a guideline sentencing range of 262 to 327 months on the crack cocaine charges and a consecutive 60-month sentence on the firearm charge.  On September 14, 1993, the district court sentenced Appellant to 262 months on each crack cocaine count, to run concurrently with each other, and a consecutive 60-month term on the firearm charge.

The Sentencing Guidelines were amended in 2007 to lower the base offense levels for crack cocaine.  This amendment was made retroactive the following year. Under 18 U.S.C. § 3582(c)(2), a district court has the authority to reduce a previously-imposed sentence based on the amended guidelines.  However, a court cannot, except in limited instances, reduce a sentence to less than the bottom of the amended guideline range.  18 U.S.C. § 1B1.10(b)(2)(A).  Appellant filed a motion to have his sentence modified under the retroactive guidelines on January 23, 2008, and that motion was supplemented by his appointed counsel on September 24, 2008.  On January 23, 2009, the district court granted Appellant's motion and reduced his sentence to 210 months on the crack cocaine counts, which was the bottom of the new guideline range.  At the sentence modification proceeding, the district court stated that, pursuant to 18 U.S.C. § 1B1.10(b)(2)(A), it could not reduce Appellant's sentence below the amended guideline range, but would have done so if permitted under the statute.

## II.  STANDARD OF REVIEW

The court reviews a district court's interpretation of a statute at sentencing *de novo*.  *United States v. Robinson*, 609 F.3d 868 (6th Cir. 2010); *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009).

### III.  LAW AND ANALYSIS

Appellant argues that the district court had the authority to sentence him to a non-guideline sentence when his sentence was reduced pursuant to § 3582(c)(2).  He maintains that a sentence modification is essentially a resentencing, and therefore *United States v. Booker*, 543 U.S. 220, which made the Sentencing Guidelines advisory, is applicable in these proceedings.  Appellee, on the other hand, argues that a sentence modification proceeding is limited in scope and that *Booker* does not apply.

The Supreme Court has recently rendered a decision on this issue.  In *Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010), the Supreme Court stated that § 3582(c)(2) provides for a limited procedure for the modification of sentences and that, under such circumstances, defendants are not actually being sentenced or resentenced.  The Court determined that "[s]ection 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."  *Id*. at 2691.  Therefore, *Booker* does not apply to these proceedings.  *Id*. at 2692.  More specifically, courts cannot modify a sentence below the amended guideline range under 18 U.S.C. § 3582(c)(2), unless the sentencing court originally sentenced the defendant below the guideline range.  *Id*. at 2691-92.  In such cases, a court could modify a sentence "comparably" below the new guideline range.  *Id*. at 2692.

Relying on *Dillon* and *Washington*, the latter being a Sixth Circuit case decided prior to *Dillon*, this court recently held in *Robinson* "'that pursuant to 18 U.S.C. § 3582(c)(2), a district court is not authorized to reduce a defendant's sentence below the amended Guidelines range.'"  *Robinson*, 609 F.3d at 869 (quoting *Washington*, 584 F.3d at 701).  *Robinson* is analogous to the instant case.  The defendant in *Robinson* also was sentenced for crack cocaine offenses and a firearms charge, and he moved for a reduced sentence when the Sentencing Guidelines were amended.  *Id*. at 868-69.  The defendant appealed the district court's finding that it could not reduce his sentence below the modified Guidelines range, and the Sixth Circuit affirmed the district court's finding.  *Id*. at 869.  Thus, Appellant's analogous claim is without merit.

## IV.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the decision of the district court.