*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0386p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,

          *Plaintiff-Appellant,*

    *v.*

LARRY TURNLEY,

          *Defendant-Appellee.*

No. 09-5498

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 96-00120-004—Thomas A. Wiseman, Jr., District Judge.

Argued: October 19, 2010

Decided and Filed: December 20, 2010

Before: GILMAN and GRIFFIN, Circuit Judges; ROSE, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Blanche B. Cook, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellant. Michael C. Holley, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellee. **ON BRIEF:** Blanche B. Cook, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellant. Michael C. Holley, Isaiah S. Gant, FEDERAL PUBLIC DEFENDER'S OFFICE, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

RONALD LEE GILMAN, Circuit Judge. Larry Turnley was convicted and sentenced on charges of possessing crack cocaine with the intent to distribute and of

---

[*] The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.

conspiring to possess powder cocaine with the intent to distribute. The United States Sentencing Commission (Commission) subsequently lowered the United States Sentencing Guidelines (U.S.S.G.) range associated with Turnley's crimes and applied these changes retroactively to prisoners currently serving sentences. This caused Turnley to file a motion, pursuant to 18 U.S.C. § 3582(c)(2), to have his sentence lowered in accordance with these changes. The district court resentenced Turnley by reducing his term of imprisonment from life to 264 months, a term that was 28 months below the minimum amended Guidelines range.

The government argues on appeal that Turnley's sentence should be vacated because the district court did not have the authority to resentence him beneath the range of the amended Guidelines. For the reasons set forth below, we **VACATE** Turnley's sentence and **REMAND** the case to the district court for resentencing.

## I. BACKGROUND

The parties do not dispute the facts relevant to this appeal. Turnley was convicted in September 1997 of possessing crack cocaine with the intent to distribute and of conspiring to possess powder cocaine with the intent to distribute. The district court sentenced Turnley to life in prison based on a Guidelines sentencing range of 360 months to life. In November 2007, while Turnley was serving his life sentence, the Commission amended the Guidelines for crack-cocaine offenses by lowering the offense level associated with these offenses by two levels. The Commission then retroactively applied this amendment to prisoners already serving crack-cocaine sentences under the prior Guidelines.

Turnley made a motion to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2). This statute authorizes district courts to reduce a defendant's sentence where the defendant was sentenced to prison based on a sentencing range that is later lowered by the Commission, 18 U.S.C. § 3582(c)(2), and where the Commission has applied the new range retroactively, 28 U.S.C. § 994(u). The district court granted Turnley's § 3582(c)(2) motion and, in March 2009, resentenced Turnley to 264 months

in prison. This new sentence is 28 months below the bottom of the amended Guidelines range.

In a motion submitted before his resentencing, Turnley argued that the district court could impose a sentence below the minimum amended Guidelines range because, after *United States v. Booker*, 543 U.S. 220 (2005)*,* the Guidelines are no longer mandatory. Turnley further argued that U.S.S.G. § 1B1.10(b)(2)(A), which states that sentences imposed pursuant to § 3582(c)(2) may not be "less than the minimum of the amended guideline range," did not prevent the court from deviating below this threshold because *Booker* made the Guidelines advisory in § 3582(c)(2) proceedings.

The district court ordered the parties to submit briefs on the question of whether "the provision of [§] 3582(c)(2) requiring the Court to apply the provisions of [§] 3553(a) [is] inconsistent with the apparently mandatory nature of requiring that the reduction be consistent with policy statements of the Sentencing Commission? Is this not a mandatory guideline voided by *Booker*?" It further noted that this issue "raises some very interesting legal questions."

The government argued that *Booker* does not prevent the Guidelines from being mandatory in § 3582(c)(2) proceedings. Because § 3582(c)(2) requires that resentencings be "consistent with applicable policy statements issued by the Sentencing Commission," the government argued that the district court was bound by § 1B1.10(b)(2)(A) to impose a sentence no lower than the minimum of the amended Guidelines range.

Based upon *Booker*, the district court decided that it was not bound by the Commission's policy statement that prohibits the sentencing court from deviating below the minimum amended Guidelines range in § 3582(c)(2) resentencings. It then proceeded to resentence Turnley 28 months below this level. The government appealed. After both parties had submitted their briefs in the present appeal, the Supreme Court directly addressed this issue in *Dillon v. United States*, 130 S. Ct. 2683 (June 17, 2010). The parties then submitted supplemental letters and briefs in order to address how *Dillon* applies to the present case.

## II.  ANALYSIS

**A.      Introduction**

The United States Code provides several narrow exceptions to the general rule that a sentence imposed by a court following a defendant's conviction "constitutes a final judgment."  18 U.S.C. § 3582(b).  One of these exceptions is that a sentence may be modified if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."   18 U.S.C. § 3582(c)(2). Courts may conduct § 3582(c)(2) resentencings after an amended Guideline provides for a lower sentencing range only where the Commission has provided, pursuant to its authority under 28 U.S.C. § 994(u), that the newly reduced term of imprisonment applies retroactively.  *Id.* (granting the Commission the authority to "specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment . . . may be reduced" where the Commission has lowered the range of imprisonment); *see also Dillon*, 130 S. Ct. at 2691 (holding that a district court has the authority to modify a sentence  under § 3582(c)(2) only where the Commission has decided, pursuant to 28 U.S.C. § 994(u), to make the applicable Guidelines amendment retroactive).

Turnley and the government agree that all of the above requirements were met in the present case.  But the parties dispute whether the district court had the authority at Turnley's § 3582(c)(2) resentencing to lower his term of imprisonment to a point below the minimum amended Guidelines range.

When the Commission decided to apply its crack-cocaine amendments retroactively in March 2008, it also changed U.S.S.G. § 1B1.10, its policy statement dealing with how the district courts should go about retroactively applying amended Guidelines pursuant to § 3582(c)(2).   The Commission adopted U.S.S.G. § 1B1.10(b)(2)(A), which states that sentences imposed during § 3582(c)(2) resentencings may not be "less than the minimum of the amended guideline range."  But

the district court in the present case held that it was not bound by § 1B1.10(b)(2)(A) to keep Turnley's sentence at or above the minimum amended Guidelines range because,

> to the extent the policy statements contained in the Guidelines purport to render application of the Guidelines mandatory rather than advisory, they conflict with *Booker* and are ineffective. . . .  In the absence of binding precedent on the issue, this Court declines to find the Guidelines mandatory in the context of a sentence reduction under § 3582(c)(2).

The district court then proceeded to resentence Turnley to a sentence that was 28 months below the minimum amended Guidelines range.

On appeal, the government argues that the district court exceeded its sentencing authority when it resentenced Turnley.  We review de novo the district court's interpretation of the Guidelines and the statutes that grant the district court its sentencing authority.  *United States v. Corrado*, 304 F.3d 593, 607 (6th Cir. 2002) (reviewing de novo the government's appeal of the district court's offense-level calculation under the Guidelines).

**B.      How *Booker* relates to § 3582(c)(2) resentencings**

The government's appeal is based on its argument that *Booker* does not apply to resentencing proceedings that are conducted pursuant to 18 U.S.C. § 3582(c)(2). Accordingly, the government contends that U.S.S.G. § 1B1.10(b)(2)(A) prohibited the district court from resentencing Turnley to a prison term below the minimum amended Guidelines range.  The government relies on *United States v. Washington*, 584 F.3d 693 (6th Cir. 2009), which was decided after the district court in the present case resentenced Turnley.  *Washington* explicitly held that "pursuant to 18 U.S.C. § 3582(c)(2), a district court is not authorized to reduce a defendant's sentence below the amended Guidelines range." *Id.* at 701.  Turnley concedes on appeal that, based on *Washington*, *Booker* does not require that the Guidelines be considered only as advisory in § 3582(c)(2) proceedings.

After the parties submitted their briefs on appeal, the Supreme Court in *Dillon* took up the issue of how *Booker* applies to § 3582(c)(2) resentencings.  The Court

essentially affirmed *Washington*'s reasoning. *Dillon* held that *Booker* does not require that the Guidelines be considered only as advisory in § 3582(c)(2) resentencing proceedings because "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." *Dillon*, 130 S. Ct. at 2692. The district court therefore erred when it held that *Booker* renders the Guidelines advisory in § 3582(c)(2) resentencing proceedings.

**C.     U.S.S.G. § 1B1.10(b)(2)(A)'s effect on district courts**

In addition to holding that *Booker* does not prevent the Guidelines from being mandatory in § 3582(c)(2) resentencing proceedings, the Supreme Court concluded that U.S.S.G. § 1B1.10(b)(2)(A) binds district courts in their § 3582(c)(2) resentencing decisions. *Dillon*, 130 S. Ct. at 2691-92. It reasoned that because these proceedings are not constitutionally required, but rather "represent[ ] a congressional act of lenity intended to give prisoners the benefit" of changes to the Guidelines, "any facts found by a judge at a § 3582(c)(2) proceeding do not serve to increase the prescribed range of punishment." *Id.* at 2692. The Court thus concluded that the Sixth Amendment concerns that were raised in *Booker* do not prevent the Guidelines from being mandatory in the context of § 3582(c)(2) resentencings. *Id.* Finally, the Court held that because § 3582(c)(2) authorizes sentencing reductions only if such reductions are "consistent with applicable policy statements issued by the Sentencing Commission," district courts are required to adhere to § 1B1.10(b)(2)' s applicable "instruction not to depart from the amended Guidelines range." *Id.* at 2691-93.

Justice Stevens, however, dissented from the majority opinion in *Dillon*, emphatically expressing his view that the Commission does not have the authority to issue a binding, rather than advisory, policy statement making the Guidelines mandatory in § 3582(c)(2) proceedings. *Id.* at 2701 (Stevens, J., dissenting). He also reasoned that after *Booker* excised the statutory provision that made the Guidelines binding upon the courts, it was up to Congress, rather than the Commission, to determine whether the Guidelines should be binding in § 3582(c)(2) resentencing proceedings. *Id.* at 2702. The *Dillon* majority opinion declined to address either of these separation-of-powers

arguments raised by Justice Stevens in dissent because the issues were not before the Court. *Id.* at 2691 n.5. *Dillon* thus left open the possibility that the Commission might not have had the authority to issue U.S.S.G. § 1B1.10(b)(2)(A). *Id.* at 2692.

### 1.     *Turnley's separation-of-powers arguments*

Turnley raises new arguments on appeal concerning the scope of the Commission's authority that are closely related to the two separation-of-powers issues raised by Justice Stevens in his *Dillon* dissent. He first contends that the Commission does not have the statutory authority "in any instance . . . to issue a binding decree that would dictate to the sentencing court how it must exercise its resentencing discretion." In the alternative, Turnley argues that even if Congress did authorize the Commission to make the amended Guidelines range mandatory in § 3582(c)(2) resentencings, the Commission can enact such a measure only if it follows the notice-and-comment procedure that is set forth in the Administrative Procedure Act (APA), 5 U.S.C. § 553, and that is partly incorporated into the Commission's statutory grant of authority found in 28 U.S.C. § 994(x). Turnley supports his position by pointing out that the majority opinion in *Dillon* expressly declined to address the separation-of-powers arguments raised in Justice Stevens's dissenting opinion. *See Dillon*, 130 S. Ct. at 2701-02 (Stevens, J., dissenting) (arguing that Congress did not authorize the Commission "by its own fiat, to limit the effect of our decision in *Booker*," and that § 1B1.10(b)(2)(A) was not subject to the "detailed prescriptions on the Commission's power [that] we considered in *Mistretta* [*v. United States*, 488 U.S. 361, 393 (1989)]").

### 2.     *This court's precedent*

This court has already dealt—both before and after *Dillon*—with the issue of whether district courts may depart from the Guidelines in § 3582(c)(2) resentencings. In *United States v. Washington*, 584 F.3d 693 (6th Cir. 2009), this court clearly held that the "Commission's policy statements (which are an implementation of its authority to decide whether and to what extent its amendments are retroactive) are binding because they are an exercise of its statutory authority." *Washington*, 584 F.3d at 700 (citing

28 U.S.C. § 994(u) and *Braxton v. United States*, 500 U.S. 344, 348 (1991), in support of its decision regarding the impact of § 1B1.10(b)(2)(A)).

*Washington* thus addressed the very issue that Turnley raises in his response to the government's appeal—whether § 1B1.10(b)(2)(A) is binding upon the sentencing court. *See also United States v. Robinson*, 609 F.3d 868, 869 (6th Cir. 2010) (citing *Washington* and *Dillon* in holding that, in § 3582(c)(2) proceedings, a court is not authorized to reduce a defendant's sentence below the minimum amended Guidelines range); *United States v. Spencer*, 620 F.3d 701, 703 (6th Cir. 2010) (relying on *Washington*, *Dillon*, and *Robinson* to hold that "courts cannot modify a sentence below the amended Guideline range under 18 U.S.C. § 3582(c)(2), unless the sentencing court originally sentenced the defendant below the guideline range"). This court has also held that, in light of *Dillon*, the "Commission's policy statements are mandatory . . . in the sentence-modification context, not by dint of the guidelines themselves but based on the plain text of a federal statute, § 3582(c)(2)." *United States v. Hameed*, 614 F.3d 259, 267 (6th Cir. 2010) (emphasis omitted) (holding that the defendant was not eligible for a sentencing reduction pursuant to § 3582(c)(2) because the amended Guidelines range did not lower the defendant's "applicable guideline range" pursuant to § 1B1.10(a)(2)(B)).

Turnley contends, however, that "*Washington* is not dispositive here because this Court has not yet addressed Turnley's first two arguments, each of which provides a wholly independent basis to uphold his sentence." Moreover, the Supreme Court noted in its *Dillon* footnote that the scope of the Commission's authority regarding whether the Guidelines are binding in § 3582(c)(2) proceedings is an open question as far as the Court's jurisprudence is concerned. *Dillon*, 130 S. Ct. at 2691 n.5.

### 3.     *New issues on appeal*

The first time that Turnley raised the arguments he now relies on was in response to the government's appeal. In the district court, the parties extensively briefed the issue of whether the court is permitted to depart below the Guidelines in § 3582(c)(2) resentencings. But Turnley's argument on this issue focused exclusively on whether

*Booker* is applicable to such proceedings. Not until the appellate stage of this litigation, after *Washington* foreclosed Turnley's argument based on *Booker*, did he raise the separation-of-powers issues upon which he now relies. Moreover, Turnley submitted his appellate brief containing these arguments *before* the Supreme Court decided *Dillon*. He therefore cannot rely on the intervening case of *Dillon* to justify why he did not raise these arguments in the district court.

The failure to raise an issue before the district court generally "precludes this court's consideration of the issue on appeal." *See United States v. Means*, 133 F.3d 444, 447-8 (6th Cir. 1998) (declining to review the defendant's due-process challenge to his conviction for social-security fraud where the issue was not raised below and the defendant did not adequately explain why the court's declining to address his argument would constitute a miscarriage of justice); *see also United States v. Vincent*, 20 F.3d 229, 234 (6th Cir. 1994) (declining to address the defendant's argument that the government's use of an informant amounted to entrapment because the issue was not raised below). We therefore decline to hear Turnley's major challenge to the Guidelines without full development below.

Particularly because Turnley will be free to raise his separation-of-power arguments on the remand for resentencing, we see no good reason to depart from our general rule of not considering issues raised for the first time on appeal. *See United States v. Jennings*, 83 F.3d 145, 151 (6th Cir. 1996) (holding that the district court erred in refusing to consider the defendant's objections to the characterization of his relevant conduct because "[o]n remand, the only constraint under which the District Court must operate, for the purposes of resentencing, is the remand order itself. Where the remand does not limit the District Court's review, sentencing is to be de novo."); *see also United States v. Gibbs*, --- F.3d ---, ---, 2010 WL 4781298, at *4 (6th Cir. Nov. 24, 2010) (published opinion) ("Generally, district courts can review sentencing matters de novo unless the remand specifically limits the inquiry, but [t]he language used to limit the remand should be, in effect, unmistakeable.") (citation omitted).

After oral argument in the present case, Turnley also raised the issue of whether the district court's ruling that he was not a "career offender"—and thus eligible for a § 3582(c)(2) resentencing —could be revisited on a remand. The government responded to Turnley's concern by acknowledging that it simply "seeks a sentence within the amended guideline range." As a result, there will be no need on remand to revisit the district court's determination that Turnley qualifies for a § 3582(c)(2) resentencing.

**D.     The Government's permission to appeal**

Finally, Turnley argues that the government did not obtain the requisite approval required for it to appeal his sentence. He cites the rule from *United States v. Smith*, 910 F.2d 326 (6th Cir. 1990), that, in order for the government to appeal a sentence, it is required to provide "written proof of the personal approval of either the Attorney General or Solicitor General . . . dated no later than the day on which the notice of appeal was filed by the government." *Id.* at 328 (interpreting 18 U.S.C. § 3742(b)). But Turnley acknowledges that 18 U.S.C. § 3742(b) was modified after *Smith* and that the statute no longer requires approval from a high-level officer until further along in the appellate process. He argues, however, that *Smith* set forth a rule that was separate from the statutory requirements and thus not abrogated by the statute's subsequent amendment. Turnley further contends that because this court issued the rule in a legislative rather than adjudicative capacity under its supervisory powers, this court can change the rule only prospectively and must apply the current version of the rule to Turnley's case. We conclude that Turnley's argument fails because it mischaracterizes the *Smith* rule.

The version of 18 U.S.C. § 3742(b) that was in effect when *Smith* was decided required that the government obtain approval from either the Attorney General or the Solicitor General before filing its notice of appeal. Even though the statute did not require that this approval be in writing or filed with the court, *Smith* added the requirement that written proof of the approval had to be filed with the court. *Smith*, 910 F.2d at 328. The purpose of the rule in *Smith* was to ensure that the government submit in writing the approval that was required by § 3742(b). *Smith* required this approval to

"be dated no later than the day on which the notice of appeal was filed by the government," but *Smith* chose this deadline based on the deadline for approval that was set forth in § 3742(b).  *Id.*

The submission of written proof is the crux of *Smith*'s rule; the deadline for when approval must be obtained is simply a carryover from the statutory framework. Accordingly, we conclude that because the statutory deadline for obtaining this approval was extended, *Smith*'s requirement that the approval be submitted in writing should accordingly incorporate the new statutory timeline for obtaining that approval.

This court has already so interpreted *Smith* in an unpublished opinion.  *See United States v. Mercer*, 22 F. App'x 415, 422 (6th Cir. Oct. 3, 2001) (holding that the government satisfied 18 U.S.C. § 3742(b) by obtaining permission prior to filing its appellate brief because the government no longer needs approval to accompany its notice of appeal, but rather now needs approval only "before further prosecution of the appeal").  Here, the government satisfied its obligation when it filed its approval from the Solicitor General in this court prior to the filing of its appellate brief.

The government, in fact, was careful to obtain permission to extend the time for filing of its brief specifically so that it could obtain the Solicitor General's approval before filing, and Turnley did not object to this extension.  In addition, contrary to Turnley's contention that the government's delay was needless, the complex issues involved in this case and the directly on-point Supreme Court case of *Dillon*, which was pending during much of the relevant time period, justify the extended time that the government took before filing its appellate brief.

### III.  CONCLUSION

For all of the reasons set forth above, we **VACATE** the judgment of the district court and **REMAND** the case for resentencing.