IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2008

Charles R. Fulbruge III
Clerk

No. 07-10606
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ENTONYO ELIJAH JONES

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CR-26-ALL

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Entonyo Elijah Jones pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base and received a 135-month term of imprisonment. On appeal, Jones contends that a downward variance should have been granted due to the sentencing disparity between crack and powder cocaine, and also that the district court did not properly explain the reasons for the sentence. For the reasons explained below, we vacate Jones's sentence and remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jones pled guilty to an offense under 21 U.S.C. § 841. The district court calculated Jones's offense level based upon drug amount, incorporated a three-level reduction for acceptance of responsibility, and imposed a 135-month term of imprisonment. The sentence range calculated under the Guidelines was 135 to 168 months. Jones challenges his sentence.

This court employs a two-step process in reviewing whether a district court abused its discretion in sentencing. The first step is to determine whether a procedural error arose in the district court's interpretation and application of the Sentencing Guidelines. Gall v. United States, 128 S. Ct. 586, 597 (2007) (procedural error includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence"). We review a district court's interpretation and application of the Guidelines de novo. United States v. Newsom, 508 F.3d 731, 733 (5th Cir. 2007).

The second step is to consider whether the sentence imposed is reasonable. This entails evaluating the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall, 128 S. Ct. at 597. This Circuit employs a rebuttable presumption that a properly calculated Guideline range is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

We will give an overview of the claims that Jones brings, then turn to the controlling issue. Jones raises the procedural claim that the district court violated its obligation to provide its reasons for imposing the sentence. He also argues that the district court should have considered the sentencing disparity between crack and powder cocaine in order to fulfill Section 3553(a)'s mandate to select a sentence that is sufficient, but not greater than necessary, to serve the purposes articulated in the Guidelines. We interpret Jones's argument to raise the claim that the district court's imposition of a Guidelines sentence instead of

a non-Guidelines sentence was unreasonable in these circumstances. See United States v. Nikonova, 480 F.3d 371, 375 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007) (court has no jurisdiction to review a discretionary decision not to depart downward, but court may review reasonableness of imposing a within-Guidelines sentence).

Because we conclude that Jones is entitled to have his previous sentence vacated regardless of its former validity, we see no purpose in reviewing whether the sentence may have been proper at the time it was entered. Instead, we turn to our reasoning for vacating the sentence.

In Kimbrough, the district court made a downward departure from the applicable crack cocaine Sentencing Guidelines range to the statutory minimum because that minimum sentence was "clearly long enough" to accomplish the objectives of Section 3553(a). Kimbrough v. United States, 128 S. Ct. 558, 565 (2007). The Supreme Court upheld the district court's actions, holding that "it would not be an abuse of discretion for a district court to conclude when sentencing . . . that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes . . . ." Id. at 575. The Court explained that the district court had taken the proper steps, including calculating the advisory Guidelines range, addressing all relevant Section 3553(a) factors, then evaluating what sentence would be "sufficient, but not greater than necessary" to meet the sentencing goals of Section 3553(a)(2). Id.

After Kimbrough, a district court judge sentencing for a crack cocaine offense should consider the applicable Sentencing Guidelines range and the policy behind the Guidelines, but may deviate from either or both. Any deviations must be justified by the Section 3553(a) factors. United States v. Gomez-Herrera, 523 F.3d 554, 559(5th Cir. 2008).

At his sentencing hearing, Jones argued that the disparity between sentences for crack cocaine and powder cocaine was unjustified. He asked the district court to do just what the Supreme Court in Kimbrough said could be

done. We know now that Jones was entitled to have his sentence calculated by a judge who understood the discretion described in Kimbrough. See United States v. Burns, 526 F.3d 852, 862 (5th Cir. 2008). Accordingly, we vacate his sentence. We do not imply that the district court should enter a different sentence on remand. What is needed is for the district court to analyze the Section 3553(a) factors in light of Kimbrough.

Finally, we address the amendments to the Sentencing Guidelines announced by the Commission. Amendments to the Guidelines which took effect November 1, 2007, adjust downward by two levels the base offense level for the quantity of crack. Id. at 861. As of March 3, 2008, these amendments apply retroactively. Id. Most individuals who were sentenced for offenses affected by the change to the Guidelines will use the procedure of filing a motion for a sentence modification under 18 U.S.C. § 3582(c)(2). Jones filed such a motion.

On March 13, 2008, the district court denied Jones's Section 3582 motion. The understandable reason for the denial was that this appeal was pending. For reasons of judicial efficiency, we note that the district court may combine the resentencing proceeding on remand with any additional proceedings it may deem appropriate in light of the amended crack cocaine Sentencing Guidelines. Id. at 861. This is the case even if Jones has not filed a new Section 3582 motion. Id.

Accordingly, we VACATE Jones's sentence and REMAND for resentencing in a manner consistent with this opinion.