# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2009

Charles R. Fulbruge III
Clerk

No. 07-10588

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SHANNON DEWAYNE DAVIS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
No. 4:04-CR-00199-1

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant Shannon Dewayne Davis appeals his sentence upon remand on the basis that the district court failed to consider the amendments to the guidelines eliminating the disparity in sentences for cocaine powder and cocaine base. Based on our conclusion that the sentence imposed did not result from any guidelines error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In 2005, Davis pleaded guilty to one count of distributing more than 10 grams of cocaine base. The district court departed upward from the guidelines range and sentenced Davis to 293 months of imprisonment. *United States v. Davis*, 478 F.3d 266, 270 (5th Cir. 2007). On appeal, this court vacated the sentence and remanded for resentencing based only on the quantity of drugs that Davis intended to provide in the narcotics transaction. *Id.* at 271-74. Based on a recalculated drug weight and the Sentencing Guidelines in effect at that time, the PSR calculated a total offense level of 31. With his criminal history category of V, Davis's guidelines range of imprisonment was 168-210 months.

At the resentencing hearing, Davis argued that the district court should take into account that, under then-proposed amendments to the Guidelines reducing the base offense level for cocaine base offenses, his total offense level would be 29, rather than 31. Davis argued that the imprisonment range provided by the then-effective Guidelines was per se unreasonable as evidenced by the proposed amendments. The district court did not explicitly address the cocaine base/powder disparity and the proposed amendments to the Guidelines. Instead, it announced its decision to upwardly depart from the guidelines range. In support of the upward departure, the district concluded that the Sentencing Guidelines did not adequately address Davis's criminal history category and his post-sentencing conduct. Stating that it was following the instructions of § 4A1.3(a)(4)(A) to depart upwardly, the district court "used the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant." Finding a level VI criminal history category still insufficient in Davis's circumstances, the district court "moved incrementally down the sentencing table to an offense level 33." That offense level and criminal history category resulted in a range of 235 to 293

months of imprisonment. The district court sentenced Davis to 280 months of imprisonment. Davis timely appealed.

## II.

Davis's principal argument on appeal is that his sentence is unreasonable because the district court did not take the cocaine base/powder disparity into consideration in setting the sentence. Davis argues that the Sentencing Commission's promulgation of the amendments to the cocaine base offense level reflected the Commission's determination that the Guidelines, prior to the amendments, were not reasonable. The Government counters that the district court was required to apply the Guidelines in effect at the time of sentencing and that, if Davis wants to be resentenced under the amended Guidelines, as made retroactive, a motion for reduction of sentence under 18 U.S.C. § 3582(c) is the appropriate remedy.

Following Davis's resentencing, the Supreme Court held, in *Kimbrough v. United States*, 128 S.Ct. 558, 575 (2007), that a district court did not abuse its discretion when it determined that the cocaine base/powder disparity under the Guidelines resulted "in a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Thus, *Kimbrough* made it clear that the district court had discretion to impose a sentence below the guidelines range to account for the disparity in its consideration of the § 3553(a) factors. *Id.*

During the period between Davis's conviction on February 4, 2005, and his resentencing on May 11, 2007, the United States Sentencing Commission submitted to Congress the proposed amendments to the Guidelines with respect to the base offense level for offenses involving cocaine base. Sentencing Guidelines for the United States Courts, 72 Fed. Reg. 28558, 28558 (May 21, 2007)(noting the submission of the proposed amendments to Congress on May 1, 2007), 28571-72 (the proposed amendments). The goal of the amendments

was to reduce the disparity between offense levels for cocaine base and powder cocaine and to do so by reducing the base offense levels for the various cocaine base weight categories. *See* 72 Fed. Reg. 28572-73. The proposed guidelines amendments became effective on November 1, 2007, after Davis's resentencing. 72 Fed. Reg. 28558; United States Sentencing Commission *Guidelines Manual*, Supp. to Appendix C, amendments 706, 711; U.S.S.G. § 2D1.1(c); *see* 28 U.S.C. § 994(p). Effective March 3, 2008, while this direct appeal was pending, the Commission amended the policy statement in § 1B1.10 to make the amendments to the base offense levels for cocaine base retroactive. 73 Fed. Reg. 217; U.S.S.G. § 1B1.10. *See* U.S.S.G. App. C, amend. 713, at 56 (Supp. Mar. 3, 2008). The Guidelines provide that a court may reduce a defendant's term of imprisonment following the procedures outlined in § 3582(c)(2). *Id.*

After *United States v. Booker*, 543 U.S. 220 (2005), which rendered the previously mandatory Sentencing Guidelines advisory, this court reviews sentences for reasonableness. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). In *Gall v. United States*, 128 S.Ct. 586 (2007), the Supreme Court bifurcated the process for reviewing a sentence: (1) appellate courts must ensure that the district court did not commit a significant procedural error, such as treating the Guidelines as mandatory or failing to properly calculate the guidelines range; and (2) if the sentence is procedurally sound, the appellate court must then consider the "substantive reasonableness" of the sentence under an abuse-of-discretion standard. *Id.* (citing *Gall*, 128 S.Ct. at 597). This court continues to review a district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *Id.*

In *United States v. Burns*, this court addressed the impact of *Kimbrough* and the cocaine base guidelines amendments on pre-amendment sentences. *United States v. Burns*, 526 F.3d 852 (2008). Burns was convicted of one count of conspiracy to possess with intent to distribute cocaine base and two counts of

aiding and abetting the distribution of cocaine base. *Id.* at 855-56. Burns sought a downward departure based on the cocaine base/powder disparity before and at his sentencing hearing, which was held before the opinion issued in *Kimbrough* and before the guidelines amendment. *Id.* at 860. The district court denied the departure, stating:

> [T]he guidelines are what the guidelines are today . . . The Court finds that the facts do not warrant a downward departure . . . for taking into consideration the difference between crack cocaine crimes under the guidelines and cocaine offenses under the guidelines as a decision that's been made by the Congress of the United States and the Sentencing Commission. . . . The Court finds it has no-limited discretion, if any. And if I do have discretion, I exercise my discretion not to downward depart on that basis.

*Id.* at 860-61. On appeal, this court determined that the Supreme Court's decision in *Kimbrough* and the cocaine base/powder amendments to the Guidelines made relevant the district court's specific statements about its discretion at sentencing. *Id.* This court concluded, "[W]e cannot tell from the record whether, if the judge had known that he could consider the policy disagreement as an additional factor in the 'array of factors warranting consideration' in his analysis under 8 U.S.C. § 3553(a), it would have affected the ultimate sentence imposed on Burns." *Id.* at 861-62. Therefore, this court vacated and remanded for the district court to "analyze the Section 3553(a) factors in light of *Kimbrough*." *Id.* at 862. In three unpublished cases, this court has similarly remanded for resentencing in light of *Kimbrough*. *See United States v. Jones*, 283 Fed. Appx. 254 (5th Cir. 2008) (unpublished)*; United States v. Howard*, 280 Fed. Appx. 440 (5th Cir. 2008) (unpublished); *United States v. Ramirez*, No. 06-31118 (5th Cir. May 27, 2008) (unpublished).

Davis raised the issue of the disparity in the district court and requested that the court consider the disparity as a factor in determining the sentence. As noted previously, the district court did not comment on the argument at

sentencing, although it implicitly denied the request by instead departing upward from the guidelines range. The district court stated,

> [W]hen I consider all of the factors that the Court is obligated to consider in sentencing, I'm satisfied that an upward departure in this case is the appropriate thing to do and would be necessary to achieve a reasonable sentence, taking into account all of the factors that are to be considered under 18 United States Code, Section 3553(a).

The district court then explained that it determined an appropriate range of imprisonment by referencing the ranges under a higher criminal history category that the court found more representative of Davis's history and likelihood of recidivism. Ultimately, the court stated, "[I]n arriving at [the 280-month] sentence[,] I considered the recommended advisory guideline range, as well as the statutory concerns listed in 18 United States Code, Section 3553(a) . . . ."

As in *Burns*, it is unclear from the statements made by the district court at sentencing whether the district court would have imposed the same sentence had it known that it could consider policy disagreement as a factor along with the other § 3553(a) factors. *See Burns*, 526 F.3d at 862. However, this case is distinguishable from *Burns* in a significant way. Specifically, while the appeal was pending and after *Kimbrough*, Davis filed a pro se § 3582(c)(2) motion based on the retroactive amendments, and the district court denied the motion. Although the § 3582(c)(2) motion and order denying it are not part of the record on appeal, we elect to take judicial notice of the § 3582(c)(2) order, having given the parties an opportunity to address its significance. *See* FED. R. EVID. 201. In addition, although the district court may not have had jurisdiction to resolve the motion because Davis's appeal was pending in this court at the time, the order's practical effect is to prove conclusively that any error in the district court's sentence is harmless.

In the denial, the district court did what Davis seeks in this appeal; it considered the crack amendments when analyzing his sentence. In doing so, the district court noted that it considered the § 3553(a) factors, public safety issues, Davis's post-sentencing conduct, and its own determinations during the original sentencing hearing. The district court further noted its earlier findings that Davis's criminal history was underrepresented and that Davis was likely to reoffend. The district court further specifically stated that, "[w]hile incarcerated, defendant has continued to disobey the rules and has shown no respect for authority. He has given the court no reason to believe he has changed his behavior; rather, he has only confirmed the court's findings that he is at a high risk to commit future crimes." The district court set out the range of imprisonment under the amended Guidelines and specifically rejected reducing Davis's sentence even with the new guidelines range.

Therefore, while in other circumstances a remand might be warranted in light of *Burns* and *Kimbrough*, the order denying the § 3582(c)(2) motion clearly establishes that the district court would not adjust the sentence in light of the cocaine base/powder disparity given Davis's criminal history and other circumstances. Thus, the district court's order denying the § 3582(c)(2) motion indicates that the sentence did not result from any purported guidelines error and therefore need not be vacated. *See United States v. Bonilla*, 524 F.3d 647, 656-57 (5th Cir. 2008) (holding that procedural error did not require vacating sentence where the sentence imposed did not result from the guidelines error); *Davis*, 478 F.3d at 273 (in context of post-*Booker* misapplication of the Guidelines, court looked to whether the sentence resulted from the misapplication, noting pre-*Booker* harmless error standard); *but see United States v. Mejia-Huerta*, 480 F.3d 713, 720 (5th Cir. 2007) (post-*Booker* case applying harmless error standard, looking to whether the Government could

show beyond a reasonable doubt that district court would have imposed same sentence absent the error).

## III.

Davis's other challenges to his sentence are without merit. Davis argues that the district court abused its discretion when it departed upward based on the underrepresentation of his criminal history and his conduct while in prison. He asserts that his criminal history was adequately represented by his classification of category V because his prior convictions were "virtually all for either misdemeanors or state jail felonies." Davis also argues that the court failed to take into account his youth at the time of his prior convictions. Davis further asserts that the degree of the departure was unreasonable, given the small amount of cocaine base involved, his age, and the "non-aggravated nature of his prior convictions."

Following *Booker*, this court has concluded that a sentencing court does not abuse its discretion in deciding to upwardly depart when its reasons for doing so (1) advance the objectives set forth in § 3553(a)(2), and (2) are justified by the facts of the case. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir.), *cert. denied*, 126 S. Ct. 2954 (2006). Section 4A1.3 of the Guidelines provides for an upward departure when a defendant's criminal history category does not represent the seriousness of a defendant's criminal history or the likelihood that he will reoffend. Section 3553(a)(2) (A)-(C) instructs sentencing courts to consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

In its detailed explanation of the departure, the district court explained that it relied on Davis's extensive criminal history and his post-conviction conduct. The district court noted Davis's seven disciplinary infractions while in

8

custody, including one that occurred while Davis was awaiting resentencing. Additionally, the court found that reliable information showed that Davis's criminal history substantially underrepresented his criminal history and the likelihood of recidivism. Although Davis was only 23 years old, "at the time of his original sentence he had a five-year span of criminal conduct including seven adult convictions and one juvenile conviction." Although most of the convictions were misdemeanors, the district court stated, they were for offenses more serious than they first appeared. The convictions were for offenses that the district court determined were serious, involving narcotics, firearms, fleeing from police and fighting with police.

Davis does not challenge the reliability of the information on which the court relied. Rather, he challenges the conclusions the district court drew from Davis's conduct and circumstances. Section 3553(a) specifically permits a district court to consider "the history and characteristics of the defendant" in fashioning a sentence. § 3553(a)(1). The statute requires the district court to set a sentence that promotes "respect for the law" and "protect[s] the public from further crimes of the defendant." § 3553(a)(2)(A) and (C). Similarly, section 4A1.3 specifically provides for an upward departure when the district court determines that a defendant's criminal history category does not accurately reflect his history or potential recidivism. In the face of the district court's detailed analysis of the factors and Davis's circumstances, Davis's conclusory assertion that the § 3553(a) factors did not justify the departure is insufficient to show that the district court abused its discretion. *See Zuniga-Peralta*, 442 F.3d at 347. Davis likewise has not shown that the district court abused its discretion in the extent of its departure, from the 210-month upper limit of the guidelines range to 280 months, given the circumstances explained by the district court. *See id*. at 347-48 (upholding a departure of almost twice the

advisory guidelines range given "all of the circumstances"). Thus, Davis has not shown that his sentence was unreasonable.

## IV.

Davis argues finally that the district court violated his Sixth Amendment right to a jury by finding facts "essential to the sentence," including the drug weight and the firearm possession. This argument is without merit. With the Guidelines rendered advisory by *Booker*, "the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." *United States v. Johnson*, 445 F.3d 793, 798 (5th Cir.), *cert. denied*, 126 S. Ct. 2884 (2006). As the district court sentenced Davis under an advisory guidelines regime, there was no Sixth Amendment violation.

## V.

For the foregoing reasons, Davis's sentence is AFFIRMED.