# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2011

No. 09-51174

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE CRISTOBAL CARDONA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:01-CR-251-1

Before JOLLY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Cristobal Cardona ("Cardona") appeals the district court's partial denial of his 28 U.S.C. § 2255 application for post-conviction relief, in which he challenged his conviction for several drug-related crimes, and the district court's decision to resentence him to 480 months in prison. Because we do not have jurisdiction over the issues raised in his § 2255 application, we address only those issues related to his resentencing. Finding no reversible error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-51174

## I.  FACTS AND PROCEDURAL HISTORY

A grand jury indicted Cardona and three co-defendants in May 2001.  The indictment charged Cardona with conspiracy to possess with intent to distribute marijuana, conspiracy to possess with intent to distribute heroin, possession with intent to distribute marijuana, and possession with intent to distribute heroin.  The court appointed counsel, but Cardona filed a motion seeking to proceed pro se in January 2002, which the court granted.  Cardona proceeded pro se from January 22, 2002 until March 8, 2002, when the court re-appointed counsel pursuant to Cardona's request.  Cardona was then represented by counsel throughout trial.[1]  The jury convicted Cardona of all four offenses.

Cardona desired to proceed pro se during sentencing.  The court permitted him to do so without warning him of the dangers of representing himself.  After considering Cardona's objections to the presentencing report ("PSR"), the court sentenced him to 480 months in prison, followed by an eight-year term of supervised release.

Cardona and two of his co-defendants filed a direct appeal, and this court affirmed Cardona's conviction and sentence.  *See United States v. Whittington*, 269 F. App'x 388 (5th Cir. 2008) (per curiam) (unpublished).  Cardona then filed an application for post-conviction relief pursuant to 28 U.S.C. § 2255, challenging various aspects of his conviction and sentence as unconstitutional.[2]

---

[1] The six-week period during which Cardona proceeded pro se is relevant because Cardona claims that any evidence obtained during this period cannot be used in determining his sentence because he was "invalidly representing himself" at the time.

[2] Specifically, Cardona alleged that: (1) he was denied the right to self-representation because he was not permitted to access his personal law books; (2) he was denied the right to self-representation when the district court failed to conduct an inquiry into the waiver of his "pro se defense" before trial; (3) his Sixth Amendment rights were violated when the district court failed to give him a warning of the potential dangers of proceeding pro se, as required by *Faretta v. California*, 422 U.S. 806, 835 (1975); (4) he was denied an impartial jury when he was not allowed to conduct voir dire on gang bias; (5) the district court erred in admitting testimony about his gang membership and gang violence; (6) the district court abused its

No. 09-51174

The district court partially granted his application, concluding that it had erred in failing to adequately warn Cardona of the perils of proceeding pro se during sentencing. The district court therefore vacated Cardona's sentence and ordered resentencing after a *Faretta* hearing.[3] The court rejected all of his other points of error.

At the *Faretta* hearing, the court warned Cardona of the dangers of proceeding pro se, and he unequivocally stated that he wished to do so. Cardona filed written objections to the PSR. The court declined to consider those objections except for the objection related to his progress reports from the Bureau of Prisons, concluding that this was "the only new issue to be considered in this case . . . ." The district judge also limited the issues presented at the sentencing hearing to Cardona's conduct while in prison. After allowing Cardona to speak, the judge reimposed the same sentence. Cardona appealed, again raising issues related to the validity of his conviction and resentencing.[4]

## II. JURISDICTION

The district court vacated Cardona's sentence and imposed a new sentence; therefore, this court has jurisdiction over Cardona's sentencing claims under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

---

discretion in admitting expert testimony; (7) his right to confront witnesses against him was violated when audio tapes were allowed into the jury room; (8) the admission of the testimony of an "infamous person" violated the infamous persons doctrine; (9) the court reporter's failure to report recordings of telephone conversations violated his due process rights; (10) it was error to combine two conspiracy counts; (11) the district court erred in denying Cardona's motion for judgment of acquittal; and (12) Cardona was denied a fair trial because the judge was biased.

[3] In *Faretta*, the Supreme Court held that the court should make the defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" 422 U.S. at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)).

[4] Cardona also represents himself on this appeal.

3

No. 09-51174

Cardona's attempt to raise issues related to his conviction is an attempt to appeal the district court's denial of his application for post-conviction relief. To appeal the denial of a motion under 28 U.S.C. § 2255, an appellant must first obtain a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1)(B). The district court denied Cardona's request for a COA, and Cardona has never requested a COA from this court, either actually or constructively.[5] We therefore lack jurisdiction over any issues raised in Cardona's post-conviction application. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("[U]ntil a COA has been issued[,] federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."). Accordingly, we do not address Cardona's arguments that his conviction is invalid.

## III. DISCUSSION

Cardona raises two claims with respect to his resentencing. First, he contends that the district court erred by failing to consider whether it had jurisdiction to resentence him because his conviction was obtained in violation of his Sixth Amendment right to counsel. Second, he claims that the district court erred by limiting the scope of his resentencing proceeding, limiting his right of allocution, preventing him from presenting a witness at the sentencing hearing, and failing to adequately explain the reasons for the sentence. We address each issue in turn.

---

[5] Cardona separately appealed the district court's denial of a *different* § 2255 application. We have already denied Cardona's request for a COA on his second habeas petition. *See United States v. Cardona*, No. 10-50167, Order dated January 12, 2011. Cardona did not appeal the denial of a COA on the § 2255 application considered in this opinion. Federal Rule of Appellate Procedure 22(b)(2), which provides that "[if] no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals[,]" does not apply here, because Cardona's notice of appeal was limited to the resentencing proceeding, referencing only the sentencing order of December 11. Accordingly, we do not construe his notice of appeal as requesting a COA.

4

No. 09-51174

A.    Did the district court have jurisdiction to resentence Cardona?

Cardona contends that the Supreme Court's decision in *Johnson v. Zerbst*, 304 U.S. 458 (1938), deprived the district court of jurisdiction to resentence him. He argues that *Zerbst* compels the conclusion that the district court had no jurisdiction to convict him and, consequently, did not have jurisdiction to impose a sentence. In *Zerbst*, the Supreme Court addressed whether a conviction could be collaterally attacked through a petition for a writ of habeas corpus when the petitioner, a criminal defendant, had been completely deprived of the assistance of counsel. *Id*. at 459-60. The Court held that the petitioner could file a habeas petition and attack his conviction because it was obtained in violation of the Sixth Amendment. *Id*. at 467-69. In so holding, the Court noted that "[s]ince the Sixth Amendment constitutionally entitles one charged with [a] crime to the assistance of counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty." *Id*. at 467. Cardona urges that since he was allowed to represent himself without proper *Faretta* warnings for a period of six weeks before trial, his conviction was invalid because the district court lacked jurisdiction.

We reject Cardona's contention that such a violation of the right to counsel, even assuming one occurred here, deprives the trial court of jurisdiction to proceed. The Supreme Court has since held that a showing that counsel was ineffective, that a guilty plea was not knowing and intelligent, or that a defendant was not adequately advised in opting for a "stipulated facts" trial will not result in the kind of jurisdictional defect mentioned in *Zerbst*. *Custis v. United States*, 511 U.S. 485, 496 (1994). In *Custis*, the Court distinguished *Zerbst*, noting that *Zerbst* involved a complete failure to appoint counsel. *Id*.

Assuming arguendo that the district court may have improperly failed to warn Cardona of the perils of proceeding pro se as required by *Faretta*, Cardona

5

only represented himself for a period of six weeks, after which the district court granted his motion to have counsel re-appointed. The Supreme Court's holding in *Custis* makes clear that this kind of error does not result in the type of jurisdictional defect described in *Zerbst*. We therefore conclude that the district court had jurisdiction to convict Cardona and, consequently, also had jurisdiction to resentence him.

B.    Did the district court err in conducting the resentencing proceedings?

1.    *Scope of Resentencing*

Cardona contends that the district court erred in limiting the scope of the resentencing proceedings to evidence about Cardona's conduct in prison that might affect his sentence. For purposes of this appeal, we assume arguendo that when a defendant is granted § 2255 relief and the district court vacates the sentence, the district court should not limit the consideration of the issues on resentencing. *Cf. Pepper v. United States*, 131 S. Ct. 1229, 1251 (2011) (noting that when a court vacates a sentence and remands for de novo resentencing, this action "effectively wipe[s] the slate clean"); *United States v. Carales-Villalta*, 617 F.3d 342, 345 (5th Cir. 2010). When this court vacates and remands a sentence on direct appeal, we have held that:

> In the absence of a specific mandate and in the interest of truth and fair sentencing, the district court may consider any corrections and additions relevant to the issues addressed by this Court on appeal. Therefore, when the case is remanded for resentencing without specific instructions, the district court should consider any new evidence from either party relevant to the issues raised on appeal.

*Id*. at 345. By analogy, we assume that the scope of resentencing would be similar when a district court grants § 2255 relief and vacates its own imposition of a sentence.

Prior to the resentencing proceeding, Cardona raised twelve objections to the PSR, and the district court refused to consider eleven of the objections

because it considered them outside of the scope of resentencing.[6] Cardona claims that by refusing to expressly grant or deny his objections, the district judge violated Federal Rule of Criminal Procedure 32(i)(3)(B), which provides that the district court "must—for any disputed portion of the [PSR] or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." FED. R. CRIM. P. 32(i)(3)(B). Here, the district judge procedurally complied with the rule because he stated that he would not "consider the matter in sentencing," i.e., the objections filed. Whether his decision not to consider these matters was correct is an issue we now address.

Cardona complains that the district judge erred by limiting the scope of the proceeding. Cardona failed to object on this basis at the hearing, and we therefore review for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.) ("When a defendant fails to raise a procedural objection below, appellate review is for plain error only."), *cert. denied*, 130 S. Ct. 192 (2009). We address each objection in turn to determine whether the district court's failure to grant the objection constituted plain error.

First, Cardona objected that the probation officer failed to timely deliver the PSR to Cardona as required by Federal Rule of Criminal Procedure 32(e)(2). By Cardona's own admission, he timely received the report. Cardona's objection to the PSR states that he received the report on November 2, 2009, and the record shows that the hearing was not conducted until December 11, 2009.

---

[6] The district judge did consider one of the objections at the hearing when Cardona raised it. He objected to the PSR on the basis that the district court lacked jurisdiction to consider his sentence. The district court did address his objection at the hearing and, for the reasons set forth above in Section III.A., did not err in rejecting it.

No. 09-51174

Cardona therefore received the report 35 days before the sentencing hearing as required by Rule 32(e)(2); there was no error.

Second, Cardona objected to various facts in the PSR. Specifically, he objected to: (1) the conclusion that he was involved in the offense at issue from January 1999 to September 2001 because he was incarcerated from January 9, 1999 to October 2000; (2) the PSR's overview of the case; (3) the quantity of drugs for which he was being held responsible; (4) the related cases in the PSR; (5) the allegation that he possessed a firearm during the conspiracy; (6) the criminal history as represented in the PSR; and (7) the allegation that he obstructed justice by threatening witnesses. Although Rule 32(i)(3)(B) requires the district court to rule on any disputed portion of the report or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing, a district court need not address claims of factual inaccuracies in the PSR unless the defendant provides rebuttal evidence. *See United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010); *United States v. Gracia*, 983 F.2d 625, 630 (5th Cir. 1993). The defendant bears the burden of demonstrating that the information in the PSR is untrue, inaccurate, or unreliable. *Rodriguez*, 602 F.3d at 363; *Gracia*, 983 F.2d at 630. Because "[p]resentence reports generally bear indicia of reliability sufficient to permit reliance thereon at sentencing[,]" the defendant is required to provide evidence that the PSR contains untrue information. *Gracia*, 983 F.2d at 629. An objection is "*not* evidence" and the district court is "free to adopt the PSR's findings without further inquiry or explanation" if the only "evidence" presented is the defendant's objection. *Rodriguez*, 602 F.3d at 363. The district court's failure to grant Cardona's objections was not error, much less plain error, because Cardona failed to meet his burden of demonstrating that the PSR might contain untrue or inaccurate information.

Third, Cardona objected to the inclusion of facts concerning his post-conviction conduct on the basis that the "court may not consider post-conviction rehabilitation for sentencing purposes." Cardona's assertion is incorrect. The Supreme Court recently held that post-sentencing rehabilitation may be considered in resentencing proceedings. *Pepper*, 131 S. Ct. at 1236. Additionally, we note that this objection is inapplicable to the facts of this case because the evidence shows that Cardona's post-conviction conduct did not indicate "rehabilitation." As the Supreme Court explained in *Pepper*, "Congress could not have been clearer in directing that '[n]o limitation . . . be placed on the information concerning the background, character, and conduct' of a defendant that a district court may 'receive and consider for the purpose of imposing an appropriate sentence.'" *Id.* at 1241 (quoting 18 U.S.C. § 3661); *see also United States v. Davis*, 316 F. App'x 328, 332 (5th Cir. 2009) (per curiam) (unpublished) (permitting an upward departure from the Guidelines on resentencing based on the defendant's conduct in prison and his criminal history).[7]

Fourth, Cardona claims that burglary of a habitation is not a crime of violence and, therefore, the court erred in classifying him as a career offender. Cardona is incorrect; burglary of a habitation is a "crime of violence" for the purpose of determining whether a defendant is a career offender. *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a)(2) (2009) (noting that "burglary of a dwelling" is a "crime of violence"); *United States v. Majors*, 328 F.3d 791, 797 (5th Cir. 2003) (noting that the defendant "qualified as a career offender under § 4B1.1 based on prior convictions of robbery and burglary of a habitation"). Cardona was properly classified as a career offender because he was 18 at the time he committed the instant offenses, the instant offenses are felonies that are controlled substance offenses, and he had "at least two prior felony convictions

---

[7] Although *Davis*, as an unpublished opinion, does not bind us, we find its reasoning persuasive.

of either a crime of violence or a controlled substance offense." U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(c) (2009); *see also* § 4B1.1(a).

Finally, Cardona asserts throughout his objections that the evidence included in the PSR was obtained while he "was invalidly acting as his own attorney" during pre-trial proceedings, and the district court therefore erred in considering it. Even if Cardona was invalidly representing himself for six weeks before trial, the evidence in the PSR would still be admissible for sentencing purposes. The exclusionary rule, which operates to exclude otherwise relevant evidence if it was obtained in violation of certain constitutional rights, does not apply to evidence in the PSR. *See United States v. Montoya-Ortiz*, 7 F.3d 1171, 1181 (5th Cir. 1993) (noting that evidence suppressed at trial may be considered when determining a defendant's base offense under the Sentencing Guidelines). Although *Montoya-Ortiz* concerned evidence obtained in violation of the Fourth Amendment, other circuits have applied the same reasoning to evidence obtained in violation of the Sixth Amendment. *See, e.g.*, *United States v. Kreuger*, 415 F.3d 766, 779 (7th Cir. 2005); *United States v. Jessup*, 966 F.2d 1354, 1356-57 (10th Cir. 1992). Therefore, regardless of whether Cardona was or was not invalidly representing himself when the evidence was obtained, it was still admissible during sentencing.

For these reasons, even assuming arguendo that the district court should have discussed the objections in more detail, Cardona cannot show that his substantial rights were affected because none of his objections to the PSR were legally valid.

### 2.   *Exclusion of a Witness at Resentencing*

Cardona alleges that the district court erred by preventing Cardona from calling a witness at the resentencing proceeding. He states that Jesse Ramirez would have testified "that the trial court that sentenced and convicted him and his family is so tainted by errors and corruption that they cannot be relied upon."

Cardona provides no analysis of the district court's alleged error. Merely listing an issue is inadequate to raise the issue for appeal. *United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992). "'Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved.'" *Hernandez v. Thaler*, 630 F.3d 420, 426 n.24 (5th Cir. 2011) (per curiam) (quoting *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)). Cardona thus waived this issue.

### 3.    *Allocution*

Cardona also argues that the trial court erred in limiting his right to speak at the sentencing hearing. Federal Rule of Criminal Procedure 32(i)(4)(A) requires the district court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence . . . ." FED. R. CRIM. P. 32(i)(4)(A). Although at first the district court limited the matters about which Cardona could speak, thereafter, the trial judge told Cardona he could talk for ten minutes, and the judge did not limit the subject matter Cardona could cover.[8] Cardona spoke for five minutes and stopped, and the district court told him that he "still ha[d] another five minutes . . . if there's anything else you'd like to say." Cardona responded: "That's it. I just want a new trial." The record reveals that the trial court committed no error, as Cardona was able to say all that he evidently desired to say. Thus, we need not decide the extent to which a district court can restrict the topics of a defendant's allocution.

---

[8] The district judge stated: "I'm going to give you ten minutes to ramble on about whatever you want to and that'll be plenty of time. Go ahead." Although the directive could have been phrased differently, this statement plainly allowed Cardona to speak about whatever he wished. As he did not use the entire time allotted, we need not decide what, if any, time limits a district court may place on allocution.

No. 09-51174

### 4.   *Reasons for the Sentence*

Cardona failed to object at the resentencing hearing to the lack of reasons given for the sentence; therefore, we review this issue for plain error.  *See Mondragon-Santiago*, 564 F.3d at 364.  The district court did not explain at the hearing why it chose the 480-month sentence; however, the sentence was within the Guidelines range, and nothing in the record suggests that an explanation would have changed Cardona's sentence.  Accordingly, Cardona cannot demonstrate any reversible plain error.  *Id.* at 365 (noting that the defendant's "sentence is within the Guidelines, and he fails to show that an explanation would have changed his sentence.  Accordingly, we are bound by our precedent to hold that the district court's failure to adequately explain the sentence did not affect his substantial rights.").

## IV.  CONCLUSION

For the reasons set forth above, Cardona's sentence is AFFIRMED.  His motion to expedite appeal is DENIED as moot.