# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2021

Lyle W. Cayce
Clerk

No. 21-50109
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LAMAR LEON MOORE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-31-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

In 2019, Lamar Leon Moore, federal prisoner # 24989-480, was convicted of possession with intent to distribute 50 grams or more of actual methamphetamine and sentenced to 210 months of imprisonment and five years of supervised release. In 2020, Moore moved for compassionate

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50109

release based on the COVID-19 pandemic, the prison's failure to protect inmates from the virus, his health, and the need to act as a caregiver for his mother and to be a father to his children.

We review a district court's denial of compassionate release for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). An abuse of discretion occurs if the district court "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Here, the district court denied relief on the merits "[a]fter considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, as well as taking into consideration [Moore's] criminal activity while incarcerated." The Government concedes that there is no evidence of Moore engaging in criminal activity while incarcerated but has not shown that the district court's erroneous assessment of the evidence was harmless. *See United States v. Garcia*, 655 F.3d 426, 432 (5th Cir. 2011).

Accordingly, the order denying compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is VACATED, and this matter is REMANDED for the district court's reconsideration.