FILED
United States Court of Appeals
Tenth Circuit

August 15, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESSICA RENEE CHRONISTER,

Defendant-Appellant.

No. 14-6041
(D.C. No. 5:13-CR-00033-R-1)
(W.D. Okla.)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESSICA RENEE CHRONISTER,

Defendant-Appellant.

No. 14-6042
(D.C. No. 5:13-CR-00034-R-1)
(W.D. Okla.)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESSICA RENEE CHRONISTER,

Defendant-Appellant.

No. 14-6043
(D.C. No. 5:13-CR-00194-R-1)
(W.D. Okla.)

**ORDER AND JUDGMENT***

Before **GORSUCH**, **BACHARACH**, and **McHUGH**, Circuit Judges.

Jessica Renee Chronister was charged with committing crimes in three separate indictments. She ultimately entered guilty pleas in the three cases to one count of possession with intent to distribute 50 grams or more of a substance containing methamphetamine, one count of conspiracy to escape custody, and one count of possession with intent to distribute more than 50 grams of actual methamphetamine. In her plea agreement, she waived her right to appeal her conviction and sentence. Her guideline sentencing range was 262 to 327 months' imprisonment, but the district court varied downward and sentenced her to 168 months' imprisonment.

Despite the appellate waiver in her plea agreement, Ms. Chronister filed an appeal seeking to challenge her convictions and sentence. The government moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (per curiam).

---

* This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Chronister's attorney filed a response invoking *Anders v. California*, 386 U.S. 738 (1967), agreeing with the government that the appellate waiver is valid, and indicating that she will seek leave to withdraw from the case. Ms. Chronister was given the opportunity to file a pro se response to the motion to enforce.

In her pro se response, Ms. Chronister does not offer a rebuttal to the government's motion to enforce or to her attorney's conclusion that the appeal waiver is valid. Instead, she asks this court to consider the undue hardship that her imprisonment has on her children and to reduce her sentence. In sentencing Ms. Chronister, the district court varied downward from the guidelines sentence by almost 100 months, and there is no legal basis for this court to grant her further sentencing relief.

Ms. Chronister's appeal falls within the scope of the waiver in her plea agreement, she knowingly and voluntarily waiver her appellate rights, and enforcing the waiver would not result in a miscarriage of justice. Accordingly, we grant the motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam