FILED
United States Court of Appeals
Tenth Circuit

October 7, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESSICA RENEE CHRONISTER,

    Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESSICA RENEE CHRONISTER,

    Defendant - Appellant.

Nos. 16-6031 and 16-6079
(D.C. Nos. 5:13-CR-00194-R-1 and
5:13-CR-00033-R-1)
(W.D. Okla.)

Nos. 16-6162, 16-6157 and 16-6159
(D.C. Nos. 5:16-CV-00543-R,
5:13-CR-00194-R-1, 5:13-CR-00034-R-1,
and 5:16-CV-00541-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Jessica Renee Chronister pleaded guilty to two counts of possessing with intent to distribute methamphetamine, and to one count of conspiring to escape custody. Chronister has filed multiple appeals, which we have consolidated into two groups of cases. In the first (16-6031 and 16-6079), Chronister appeals the district court's denial of her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782. In the second (16-6157, 16-6159, and 16-6162), she requests a certificate of appealability (COA) for her claim under 28 U.S.C. § 2255. Exercising jurisdiction under 28 U.S.C. 1291, we affirm the district court orders, deny a COA, and deny *in forma pauperis* status.

## BACKGROUND

In January 2013, a federal grand jury in the Western District of Arkansas indicted Jessica Renee Chronister on a charge of possessing, with intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). In February 2013, a federal grand jury in the Western District of Oklahoma indicted Chronister on five other charges: maintaining a residence for the purpose of methamphetamine use and distribution, in violation of 21 U.S.C. § 856(a)(1); interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3); possessing methamphetamine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); possessing marijuana with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Also in February 2013, the grand jury in the Western District of Oklahoma indicted

Chronister with conspiring to escape pretrial custody, in violation of 18 U.S.C. §§ 751, 371. With Chronister's consent, *see* FED. R. CRIM. P. 20, the district court in Arkansas transferred jurisdiction to the Western District of Oklahoma, where all three cases were consolidated and the government and Chronister entered into a written plea agreement. Chronister pleaded guilty to the methamphetamine charge from the Arkansas indictment, the possession-with-intent-to-distribute-methamphetamine charge from the Oklahoma indictment, and the escape charge from the second Oklahoma indictment. Based on the stipulated methamphetamine weight in the plea agreement, the district court set Chronister's base-offense level at 34. In addition, the district court applied three specific offense characteristics: two levels for possessing a firearm connected to the methamphetamine offense, under U.S.S.G. § 2D1.1(b)(1); two levels for maintaining a drug house, under U.S.S.G. § 2D1.1(b)(12); and two levels for obstructing justice, under U.S.S.G. § 3C1.1. From the adjusted offense level of 40, the court reduced three levels for timely acceptance of responsibility, under U.S.S.G. § 3E1.1. This left Chronister with a total offense level of 37. That offense level, combined with her Criminal History Category of III, produced an advisory guideline range of 262 to 327 months' imprisonment. The district court adopted the PSR without changes, but varied downward to 168 months on the methamphetamine charges and to 60 concurrent months on the escape charge.

Despite an appeal waiver in her plea agreement, Chronister appealed. In *United States v. Chronister*, 573 F. App'x 816 (10th Cir. 2014), we enforced the appeal waiver and dismissed the appeal. Chronister later filed a motion for a sentence

reduction based on Amendment 782 to the Sentencing Guidelines. The district court denied the motion, and Chronister appealed. Chronister also filed a habeas motion under 28 U.S.C. § 2255, asking for relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court denied the habeas motion. Chronister now asks for a COA.

## DISCUSSION

### 1. Chronister's sentence is too low for further reduction.

We review de novo a district court's interpretations of statutes or the sentencing guidelines. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Even though Chronister received a sentence below the range that applies after Amendment 782, she still claims that the district court erred by denying her motion for sentence reduction under § 3582(c)(2). The PSR found Chronister responsible for 113.9 grams of methamphetamine and 206.82 grams of actual methamphetamine, resulting in a marijuana equivalent of 4,364.2 kilograms and a base-offense level of 34 under the 2013 Guidelines. In 2014, Amendment 782 to the sentencing guidelines retroactively lowered the base-offense level for that marijuana weight to level 32. *See United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016). But federal courts have the power to lower an imposed sentence only when Congress authorizes them to do so. *Dillon v. United States*, 560 U.S. 817, 824 (2010). For many applications, Congress has done so for defendants receiving a sentence based on a guideline range that the United States Sentencing Commission later lowers. 18 U.S.C. § 3582(c)(2). Congress has also mandated that any sentencing reductions under § 3582(c)(2) must

4

comply with the Commission's relevant policy statements. *Id.* Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), the Commission's policy statements for § 3582(c)(2) remain mandatory. *Dillon*, 560 U.S. at 828. One such policy statement prohibits § 3582(c)(2) reductions if the existing sentence is already lower than the amended guideline range.[1] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(2)(A) (U.S. SENTENCING COMM'N 2015). We have repeatedly affirmed this prohibition. *See, e.g.*, *United States v. Rhodes*, 549 F.3d 833, 841 (10th Cir. 2008); *United States v. Pedraza*, 550 F.3d 1218, 1220-22 (10th Cir. 2008).

Because Chronister seeks a sentence below her post-amendment guideline range, the district court was right to deny her motion. Chronister argues that if the district court calculated her sentence today, her offense level would be 35 and yield a guideline range of 210 to 262 months. Her calculation is correct, but her actual sentence of 168 months is lower than even the bottom of that amended range. Thus, she is not entitled to § 3582(c)(2) relief.

Chronister briefly raises a constitutional argument against the binding effect of the Commission's policy statements concerning § 3582(c)(2). She cites a concern that Justice Stevens raised in his *Dillon* dissent: that the binding effect of the policy statements rested on "dubious constitutional footing" and might violate separation of powers by giving the Sentencing Commission a "barely constrained form of

---

[1] Except when the government makes a motion to reflect a defendant's substantial assistance. USSG § 1B1.10(b)(2)(B).

lawmaking authority" over the federal courts. 560 U.S. at 833. Neither party in *Dillon* had briefed the issue, and the majority declined to address it. *Id.* at 826 n.5. On appeal, Chronister devotes just one paragraph to the separation-of-powers issue, neglecting it entirely in the district court. Her failure to raise the issue there forfeits her ability to do so here.[2] *See Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1203 (10th Cir. 2014).

**2.      Chronister is not entitled to a COA for her habeas motion.**

Chronister raises no issue that entitles her to a COA on her habeas claim. Because Chronister is pro se in her § 2255 action, we construe her pleadings liberally, but we do not serve as her advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). A COA is available "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the prisoner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the defendant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

---

[2] Even had Chronister not forfeited it, this circuit, and many others, have already considered the separation-of-powers objection and rejected it. *United States v. McGee*, 615 F.3d 1287, 1292 n.2 (10th Cir. 2010) (citing *United States v. Dryden*, 563 F.3d 1168, 1171 (10th Cir. 2009)); *see, e.g.*, *United States v. Fox*, 631 F.3d 1128, 1133 (9th Cir. 2011); *United States v. Garcia*, 655 F.3d 426, 434-5 (5th Cir. 2011); *United States v. Erskine*, 717 F.3d 131, 138-9 (2d Cir. 2013).

Even when we review Chronister's pleadings liberally, Chronister makes no such showing. She claims that she is due a sentence reduction because of the Supreme Court's recent invalidation of the residual clause of the Armed Career Criminal Act (ACCA) as impermissibly vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). But Chronister was not sentenced under the ACCA, or under any sentencing provision implicating its residual clause. Therefore, no reasonable jurist could debate whether a different outcome was warranted.

Chronister also filed a motion to proceed *in forma pauperis* in the § 2255 action. To be granted *in forma pauperis* status, Chronister must show both an inability to pay the filing fees and good faith, as shown by "the existence of a reasoned, nonfrivolous argument…." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). As discussed, Chronister's appeal to *Johnson* is of no avail because she was not sentenced under the ACCA. In her effort to draw an analogy, Chronister cites *United States v. Martinez*, 821 F.3d 984 (8th Cir. 2016). But *Martinez* is legally distinct from Chronister's case because it involved career-offender sentencing, which involves a nearly identical residual clause as provided in the ACCA. Unlike Chronister's claim, Martinez's similar claim to that in *Johnson* presented a nonfrivolous argument for habeas relief. Thus, we deny *in forma pauperis* status.

7

**CONCLUSION**

We affirm the district court orders, deny a COA, and deny Chronister *in forma pauperis* status.

Entered for the Court

Gregory A. Phillips
Circuit Judge