FILED
United States Court of Appeals
Tenth Circuit

December 30, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TUESDAY SHALON JOHNSON,

    Defendant-Appellant.

No. 16-6248
(D.C. No. 5:09-CR-00021-M-3)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.
_____

Federal prisoner Tuesday Shalon Johnson, proceeding pro se, appeals the district

court's denial of her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Exercising jurisdiction under 28 U.S.C. § 1291, we agree with the denial of her motion

and remand for dismissal without prejudice for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Ms. Johnson pled guilty to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced her to 240 months in prison and concluded she was a career offender under United States Sentencing Guideline § 4B1.1.

In May 2016, Ms. Johnson filed a § 3582(c)(2) motion for sentence reduction based on Amendment 782 to the Guidelines. The district court denied the motion because the amendment did not change Ms. Johnson's Guidelines range.

On appeal, Ms. Johnson's sole argument is that her status as a career offender and her 240-month sentence is contrary to *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague under the Due Process Clause. 135 S. Ct. at 2557-59.

We reject Ms. Johnson's argument for two reasons. First, Ms. Johnson cannot bring her constitutional argument under § 3582(c)(2). The statute allows a sentence reduction only when "a [prisoner's] sentencing range . . . has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). It does not allow prisoners to challenge the constitutionality of their sentence. *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014) ("Nothing in the limited congressional grant of authority to modify sentences provided by § 3582(c)(2) allows [a prisoner] to challenge the constitutionality

of his sentence."). Thus, Ms. Johnson's due process argument under the Supreme Court's *Johnson* decision cannot support a sentence reduction under § 3582(c)(2).[1]

Second, Ms. Johnson's argument fails on the merits. The *Johnson* decision affects only sentence enhancements under the residual clause of the ACCA based on crimes of violence. 135 S. Ct. at 2555. But Ms. Johnson's career offender designation was based on two prior convictions for drug distribution—not crimes of violence. The *Johnson* decision is therefore inapplicable to Ms. Johnson's sentence.

We remand the matter to the district court with instructions to vacate the order denying the motion and enter a new order dismissing Ms. Johnson's § 3582(c)(2) motion without prejudice for lack of jurisdiction. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [the prisoner's] § 3582(c)(2) motion"); *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (stating "dismissal rather than

---

[1] The proper method to bring a constitutional attack on a sentence is a 28 U.S.C. § 2255 motion. In September 2010, Ms. Johnson filed two § 2255 motions that the district court denied. No. 5:10-cv-01060-M, Dist. Ct. Doc. 1, 2; No. 5:09-cr-00021-M, Dist. Ct. Doc. 595, 598. In June 2016, Ms. Johnson filed a motion seeking authorization to file a second or successive § 2255 motion that we denied. No. 16-6184, Doc. 01019670661; No. 5:09-cr-00021-M, Dist. Ct. Doc. 887.

denial is the appropriate disposition" when sentence reduction is not authorized by

§ 3582(c)(2)).

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge