UNITED STATES COURT OF APPEALS  March 7, 2017

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEONARDO RAMOS, a/k/a Leonard Ramos,

Defendant - Appellant.

No. 16-5128
(D.C. Nos. 4:16-CV-00408-CVE-PJC and 4:11-CR-00152-CVE-1)
(N.D. Okla.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

---

Pro se[1] Defendant-Appellant Leonardo Ramos ("Mr. Ramos"), a federal

prisoner, seeks a certificate of appealability ("COA") and permission to proceed

*in forma pauperis*, in order to challenge the district court's denial of his motion

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]    Because Mr. Ramos appears pro se, we afford his filings liberal construction, but do not act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

under 28 U.S.C. § 2255.  Exercising jurisdiction under 28 U.S.C. § 1291, we **deny** Mr. Ramos's request for a COA, **deny** his application to proceed *in forma pauperis*, and **dismiss** this matter.

## I

On December 13, 2011, Mr. Ramos pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Prior to sentencing, the U.S. Probation Office prepared a Presentence Investigation Report, which revealed that Mr. Ramos had "at least two prior convictions for controlled substances offenses."  R. at 51 (Op. & Order, dated July 28, 2016).  Given these prior convictions and his felon-in-possession offense, the district court sentenced Mr. Ramos as a "career offender" under U.S. Sentencing Guidelines § 4B1.1, and imposed an enhanced sentence of 110 months' imprisonment.  *Id.* at 51–52.

On June 28, 2016, Mr. Ramos filed a motion under 28 U.S.C. § 2255, seeking to vacate his sentence under *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015).[2]  Finding *Johnson* inapplicable to Mr. Ramos's enhanced

---

[2]      In addition, Mr. Ramos made passing reference to the alleged ineffectiveness of his trial counsel.  *See* R. at 20 (stating, without explanation, that his "COUNSEL WAS INEFFECTIVE").  The district court made no mention of this contention and Mr. Ramos does not pursue it on appeal.  Consequently, we deem Mr. Ramos's ineffectiveness challenge—if raised at all—to be waived.

sentence, the district court denied the motion. Mr. Ramos now seeks a COA to challenge this decision on appeal.[3]

## II

A prisoner may not appeal the denial of relief under § 2255 without a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); *see also Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) (citing the "'clear' jurisdictional language . . . in § 2253(c)(1)"). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Under this standard, Mr. Ramos must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (citation omitted).

## III

In his § 2255 motion, Mr. Ramos argued that *Johnson*'s holding rendered his career-offender enhancement unconstitutional, but the district court found *Johnson* inapplicable. Because reasonable jurists could not debate the soundness of the district court's conclusion, we deny his request for a COA.

_____

[3]     The district court further questioned, without resolving, the timeliness of Mr. Ramos's habeas motion. R. at 55. Because we find that Mr. Ramos's motion fails on the merits, we too do not reach the issue of timeliness.

In *Johnson*, the Supreme Court determined that the definition of "violent felony" under the residual clause of the Armed Career Criminals Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See* 135 S. Ct. at 2557–59. More recently, however, in *Beckles v. United States*, — U.S. —, — S. Ct. —, 2017 WL 855781 (U.S. Mar. 6, 2017), the Supreme Court concluded that the U.S. Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Id.* at *5–6. More specifically, the Court held that *Johnson*'s vagueness holding does not apply to the career-offender provisions of the U.S. Sentencing Guidelines—i.e., the provisions under which the district court sentenced Mr. Ramos. *See id.* at *6. In view of *Beckles*,[4] no reasonable jurist could debate the district court's decision to deny Mr. Ramos's § 2255 motion. Accordingly, we deny his request for a COA.

---

[4] Even under the pre-*Beckles* regime, Mr. Ramos's *Johnson* claim would have failed. Importantly, prior to *Beckles*, *Johnson* only affected career-offender enhancements under the ACCA based on certain violent felonies. Here, by contrast, the district court based its career-offender designation on Mr. Ramos's prior controlled substances offenses—not violent felonies under the ACCA. *See* R. at 55. Thus, even before the Supreme Court's *Beckles* decision, *Johnson* provided Mr. Ramos no basis for relief. *See United States v. Johnson*, — F. App'x —, 2016 WL 7487720, at *1 (10th Cir. Dec. 30, 2016) (unpublished) (holding *Johnson* to be inapplicable, because the appellant's "career offender designation was based on two prior convictions for drug distribution—not crimes of violence"); *United States v. Chronister,* 663 F. App'x 642, 645 (10th Cir. 2016) (unpublished) (deeming *Johnson* inapplicable, because the appellant "was not sentenced under the ACCA, or under any sentencing provision implicating its residual clause").

## IV

Finally, we address Mr. Ramos's request to proceed *in forma pauperis*. However, because he has not shown "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)), we deny his application to proceed *in forma pauperis*.

## V

Based on the foregoing, we **DENY** Mr. Ramos's request for a COA, **DENY** his application to proceed *in forma pauperis*, and **DISMISS** this matter.

Entered for the Court

JEROME A. HOLMES
Circuit Judge