**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TUESDAY SHALON JOHNSON,

Defendant-Appellant.

No. 17-6198
(D.C. No. 5:09-CR-00021-M-3)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

This appeal grew out of Ms. Tuesday Johnson's sentence, which had been based in part on her status as a career offender. Ms. Johnson unsuccessfully moved for a reduction in her sentence based on an amendment (No. 782) to the U.S. Sentencing Guidelines. She then filed a motion under Fed. R. Civ. P. 60(b)(6) so that she could appeal the denial

---

[*] The parties do not request oral argument, and we do not believe that oral argument would be helpful. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

of her motion to modify the sentence. The district court denied the motion, and Ms. Johnson requests a certificate of appealability to challenge this ruling.

We deny this request because Ms. Johnson does not need a certificate of appealability to appeal the denial of her motion to modify the sentence. *United States v. Randall*, 666 F.3d 1238, 1240 n.4 (10th Cir. 2011). Because Ms. Johnson is pro se, however, we liberally construe her request for a certificate as an opening brief challenging the denial of her motion to modify. *See Sigala v. Bravo*, 656 F.3d 1125, 1126 (10th Cir. 2011) (liberally construing a pro se inmate's request for a certificate of appealability). We review the denial of this motion under the abuse-of-discretion standard. *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). In our view, the district court did not abuse its discretion in denying the motion.

Ms. Johnson contends that the career-offender guideline is unconstitutionally vague. But we have already rejected Ms. Johnson's argument. *United States v. Johnson*, 672 F. App'x 879 (10th Cir. 2016) (unpublished). Our prior decision on this issue constitutes the law of the case. *See United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (stating that under the law-of-the-case doctrine, a court's decision on a rule of law should continue to govern the same issue in later phases of the

same case). Accordingly, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3