# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2010

Charles R. Fulbruge III
Clerk

No. 09-30175
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD RAY GUIDRY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:03-CR-60019-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Ray Guidry, federal prisoner # 11897-035, appeals from the grant of an 18 U.S.C. § 3582(c)(2) sentence reduction from 147 months to 135 months of imprisonment for attempted manufacture of cocaine base. Guidry argues that, because his original sentence was 30% less than the bottom of his original guidelines range of 210-262 months of imprisonment, the district court erred by failing to grant him a 117-month sentence, which would be 30% less than the bottom of his amended guidelines range of 168-210 months of imprisonment. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that in so doing, the district court misapplied U.S.S.G. § 1B1.10(b)(2)(B) and application note 3 thereto.

This court reviews the decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Reasonableness review, as outlined in *United States v. Booker*, 543 U.S. 220 (2005), is not applicable to § 3582 proceedings. *Id.* The district court's interpretation of the Guidelines is reviewed de novo. *Id.*

The district court was not required to reduce Guidry's sentence as he alleges. Section 1B1.10(b)(2)(B) provides in relevant part: "If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . *may* be appropriate." (emphasis added). Further, application note 3 to § 1B1.10 makes clear that "the sentencing court has the discretion to determine whether, *and to what extent*, to reduce a term of imprisonment under [§ 1B1.10(b)(2)(B)]." (emphasis added). There is no evidence that the district court intended to grant a greater reduction but erred in its mathematical calculation as Guidry intimates.

Nor was the district court required, as Guidry argues, to explain the rationale for its sentence by making explicit its consideration of the 18 U.S.C. § 3553(a) factors or other policy considerations. As this court recently held in *Evans*, since "a defendant cannot successfully challenge a district court for failing to provide reasons for *denying* his motion to reduce his sentence, it is axiomatic that he cannot do so for *granting* his motion but not providing a satisfactorily low enough sentence." *Evans*, 587 F.3d at 674 (emphases in original).

AFFIRMED.