# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50569
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES DEMETRI WILSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-80-2

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit
Judges.

PER CURIAM:[*]

In 2009, James Demetri Wilson, federal prisoner # 29718-280, pleaded
guilty to a superseding indictment charging him with conspiracy to distribute
crack cocaine (count one), aiding and abetting the maintaining of drug involved
premises (count two), and aiding and abetting the possession of a firearm
during the commission of a drug trafficking crime (count three).  He was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

sentenced to 48 months in prison on counts one and two, to be served concurrently, and five years in prison on count three, to be served consecutively to his sentences for counts one and two. In 2011, Wilson moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 750. The district court granted the motion and reduced his sentences for counts one and two from 48 months to 42 months in prison.

In 2014, Wilson filed another § 3582(c)(2) motion based on Amendment 782. The district court denied the motion, stating that Wilson was not eligible for a sentence reduction under Amendment 782. Wilson filed a timely notice of appeal from the denial of his § 3582(c)(2) motion, and we granted him leave to proceed on appeal in forma pauperis.

Wilson now argues that the district court erred when it denied his most recent § 3582(c)(2) motion for a reduction of sentence. He asserts that the district court erroneously determined that he was not eligible for a sentence reduction under Amendment 782 because his sentencing guidelines range was not lowered by the amendment.

We review a district court's decision whether to grant a sentence reduction pursuant to § 3582(c)(2) for abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error. *United States v. Henderson,* 636 F.3d 713, 717 (5th Cir. 2011). An abuse of discretion occurs if the district court bases its decision upon an error of law or a clearly erroneous assessment of the evidence. *Id.*

In evaluating whether to grant a sentence reduction, the district court determines whether the defendant is eligible for a sentence modification and the extent of the reduction authorized. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). A reduction is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G.

§ 1B1.10(a)(2)(B); *see also* § 1B1.10 comment. (n.1(A)). If the court determines that a sentence reduction is permitted, it must then consider the relevant 18 U.S.C. § 3553(a) sentencing factors to decide whether a reduction is merited in whole or in part under the particular circumstances of the case. *Dillon*, 560 U.S. at 826-27.

The district court determined that Wilson was not eligible for a sentence reduction under Amendment 782 because his "42-month term of incarceration [was] less than his amended guideline range of 46 to 57 months." The record, however, indicates that under Amendment 782, Wilson's original base offense level of 24, or his subsequently amended base offense level of 20, would be reduced to a base offense level of 18.[1] As his base and total offense levels are the same, his original sentencing guidelines imprisonment range of 57 to 71 months, or subsequently amended sentencing guidelines range of 37 to 46 months, would be further reduced to 30 to 37 months. *See* U.S.S.G. § 2D1.1(c)(7) (2008 ed.); § 2D1.1, cmt. (n.10(D)(i)) (2008 ed.); § 2D1.1(c)(10) (2011 ed.); § 2D1.1(c)(11) (2015 ed.); U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

Thus, Wilson's sentencing guidelines range is lowered by Amendment 782, and the new range is lower than the range considered by the district court and his current 42-month prison sentence. Accordingly, the district court erred when it determined that Wilson was not eligible for a sentence reduction under § 3582(c)(2). *See Henderson*, 636 F.3d at 717; *United States v. Garcia*, 655 F.3d 426, 433 (5th Cir. 2011). Additionally, there is no indication in the record that

---

[1] Wilson's offense involved 13.18 grams of powder cocaine and 15.9 grams of crack cocaine; thus, his base offense level is determined by converting each drug to its marijuana equivalency. *See* § 2D1.1, cmt. (n.8(B)) (2015). Under the drug equivalency table as revised by Amendment 782, the powder cocaine is the equivalent of 2.6 kilograms of marijuana and the crack cocaine is the equivalent of 56.8 kilograms of marijuana. Wilson is responsible for 59.4 kilograms of marijuana equivalency. *See* § 2D1.1, cmt. (n.8(D)) (2015 ed.). Under the retroactive, amended version of § 2D1.1(c)(11), at least 40 kilograms but less than 60 kilograms of marijuana results in a base offense level of 18. § 2D1.1(c)(11) (2015 ed.).

Wilson's sentence would have been the same but for the error in the calculation of the guidelines range. *See United States v. Andrews*, 390 F.3d 840, 846 & n.9 (5th Cir. 2004).

The order denying the motion to reduce Wilson's sentence pursuant to § 3582(c)(2) is VACATED, and this matter is REMANDED for the court's reconsideration of the calculation of the guidelines sentencing range in light of Amendment 782 and also to determine whether the reduction is warranted in light of the relevant sentencing factors. *See* § 3582(c); § 1B1.10, comment. (n.1(B)(i)-(ii)).

VACATED and REMANDED.