# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11217

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

TAMEKA ESTELLE BENNETT,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-345-2

Before SMITH, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Appellant Tameka Estelle Bennett ("Bennett") appeals the district court's denial of her motion seeking a sentence reduction, under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines ("Sentencing Guidelines"). Finding no reversible error, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11217

I.

In 2011, a jury convicted Tameka Estelle Bennett of the crimes of conspiracy to obstruct justice through evidence concealment, in violation of 18 U.S.C. §§ 1512(b)(2)(B) and 1512(k) (Count One);  aiding and abetting the obstruction of justice through evidence concealment, in violation of § 1512(b)(2)(B), § 1512(c)(1) and 18 U.S.C. § 2 (Count Two); one count of obstructing the due administration of justice, in violation of 18 U.S.C. § 1503(a) (Count Three); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Five). Applying the Sentencing Guidelines Manual effective November 1, 2011, the presentence report ("PSR") grouped the counts and used U.S.S.G. § 2K2.1 to calculate Bennett's sentencing  range.  The PSR noted that Bennett had possessed the firearm in connection with the distribution of a controlled substance and, thus, based on the cross-reference in § 2K2.1(c)(1)(A), applied U.S.S.G. § 2X1.1.

Pursuant to § 2X1.1(a), the PSR applied the provision for the substantive offense of distribution of a controlled substance, U.S.S.G. § 2D1.1.  Having determined that Bennett was accountable for 5.05 grams of methamphetamine (actual), the PSR assigned a base offense level of 26 under § 2D1.1(c)(7). Two levels were added under § 2D1.1(b)(1) because a dangerous weapon was possessed, resulting in a total base offense level of 28. Following enhancements for her role in the offense and obstruction of justice, pursuant to U.S.S.G. § 3B1.4 and § 3C1.1, Bennett received a total offense level of 32. That offense level, combined with Bennett's criminal history category of II, resulted in a Sentencing Guidelines imprisonment range of 135 to 168 months (except as limited by statutory maximum penalties).  *See* U.S.S.G. § 5G1.1(a).

In May 2012, the district court sentenced Bennett to concurrent terms of 180 months of imprisonment on Count Two and 120 months of imprisonment on Counts One, Three, and Five, for a total of 180 months of imprisonment.

No. 19-11217

The district court explained that it was imposing a sentence outside of the advisory guidelines system based on its consideration of the Sentencing Guidelines range and the factors set forth in 18 U.S.C. § 3553(a). On direct appeal, this court affirmed Bennett's conviction on Counts Two, Three, and Five, but vacated her conviction on Count One, and remanded the case for the entry of a revised sentence. *See United States v. Coppin*, 569 F. App'x 326, 339 (5th Cir. 2014). In August 2014, the district court, on remand, determined that a new sentencing hearing was not required, and entered an amended judgment, again sentencing Bennett to a total of 180 months' imprisonment—180 months of imprisonment on Count Two and 120 months of imprisonment on Counts Three and Five with all sentences to be served concurrently.

In December 2014 and June 2015, Bennett filed motions, pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction in her base offense level under Amendment 782 to the Sentencing Guidelines. Denying the motions, in February 2016, the district court reasoned that Bennett did not "meet the criteria set forth in § 3582(c)" because her non-Guidelines sentence "was not based upon a sentencing range that [had] subsequently been lowered by an amendment to the sentencing guidelines." According to the district court, it "found that a 180-month sentence was reasonable and appropriate" based on the § 3553(a) factors, including Bennett's criminal history and the facts of the case, as well as the court's "experience in sentencing defendants who have committed crimes of this nature." After noting that § 3582(c)(2) did not compel a sentence reduction, the district court reiterated its determination that a sentence of 180 months was appropriate. Bennett's subsequent appeal from the district court's order was dismissed for want of prosecution.

In 2018, Bennett filed a third § 3582(c)(2) motion seeking a sentence reduction under Amendment 782. The district court denied the motion. The district court reasoned that its prior order denying Bennett's 2014 and 2015

motions based on Amendment 782 was res judicata as to the 2018 motion. Additionally, the district court determined that Bennett's 2018 motion "lacks merit for the same reasons." Bennett did not appeal.

In 2019, Bennett filed the instant § 3582(c)(2) motion based on Amendment 782. Noting that the motion was Bennett's fourth request for § 3582(c)(2) relief, the district court recounted its reasons for denying the prior motions, and concluded that Bennett's "repeated requests for the same relief on the same basis are amounting to an abuse of the [c]ourt." The district court therefore denied the motion and ordered that any future § 3582(c)(2) motions seeking relief under Amendment 782 "be docketed for administrative purposes only and immediately terminated."

Bennett timely appealed, proceeding pro se and in forma pauperis. Bennett has filed an appellant's brief, but the government has not filed an appellee's brief. Instead, the government submitted a letter stating that it would not be participating in the appeal, because the district court denied Bennett's pro se motion without the government's participation, unless the court requested the government's response.

## II.

Pursuant to the Sentencing Reform Act of 1984, the United States Sentencing Commission establishes Sentencing Guidelines based on a defendant's criminal history and the seriousness of the defendant's offense. *Hughes v. United States*, 138 S. Ct. 1765, 1772 (2018). "In combination, these two factors yield a range of potential sentences for a district court to choose from in sentencing a particular defendant." *Id.* The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the Sentencing Guidelines advisory rather than mandatory. But a district court still "must consult those Guidelines and take them into account when sentencing." *Hughes*, 138 S. Ct. at 1772. Accordingly, although the "[Sentencing] Guidelines

should be the starting point and the initial benchmark," district courts may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in 18 U.S.C. § 3553(a). *Pepper v. United States,* 562 U.S. 476, 490 (2011). "Even if the sentencing judge sees a reason to vary from the Guidelines, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense the basis for the sentence." *Hughes,* 138 S. Ct. at 1775 (internal quotations omitted).

Where a defendant has been sentenced to a term of imprisonment based on a sentencing range that subsequently is lowered by the Sentencing Commission, pursuant to 28 U.S.C. § 994(o), the district court is authorized, under 18 U.S.C. § 3582(c)(2), to modify the defendant's sentence so long as the reduction is consistent with the applicable policy statements. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion for reduction. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the district court must decide whether a reduction is consistent with U.S.S.G. § 1B1.10 by determining the defendant's eligibility for a reduction and the extent of the authorized reduction. *Dillon*, 560 U.S. at 826-27. Only if the defendant is eligible for a reduction must a district court consider the applicable § 3553(a) factors to determine whether that reduction is warranted, either in whole or in part, under the particular circumstances of the case. *Id.* at 827.

Amendment 782 modified the drug quantity table set out in § 2D1.1(c), effectively lowering most drug-related base offense levels by two levels. *See* U.S.S.G., App. C., Amend. 782. On November 1, 2015, Amendment 782 became retroactively applicable to defendants sentenced prior to its November 1, 2014 effective date. *See* U.S.S.G., App. C, Amend. 788. Because Amendment 782 is

listed in § 1B1.10(d), it provides a valid basis for a § 3582(c)(2) motion. *See* § 1B1.10(a)(1). A reduction is not authorized, however, if Amendment 782 "does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B); *see also* § 1B1.10, comment. (n.1(A)). The "applicable guideline range" is the Sentencing Guidelines range that applies based upon the offense level and criminal history category determined under U.S.S.G. § 1B1.1(a), and before the court's consideration of any departures or variances. § 1B1.10, comment. (n.1(A)).

The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). However, this court reviews de novo whether a district court has authority to reduce a sentence under § 3582(c)(2). *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). If error occurs, reversal is not warranted if the error was harmless. *Id.* Thus, where a district court has misapplied the Sentencing Guidelines, remand for resentencing is not required where "it is clear that the district court would have imposed the same sentence." *United States v. Garcia*, 655 F.3d 426, 432 (5th Cir. 2011) (internal quotations omitted).

### III.

In denying Bennett's request for sentence reduction based on Amendment 782's change to the drug-related base offense levels found in the drug quantity table set forth in § 2D1.1(c), the district court concluded "3582(c)(2) [does] not compel a reduction in the sentence" because Bennett's "sentence was outside the advisory guideline system, and it was not based upon a sentencing range that was subsequently lowered by an amendment to the sentencing guidelines." Notably, however, Bennett was sentenced to serve a term of imprisonment of 180 months and, with a total offense level of 32 and criminal history category of II, was determined to have a guidelines

imprisonment range of 135 to 168 months for Count Two and 120 months for the remaining counts. Thus, on the record before us, it is not inconceivable that the 135 to 168 range bore *some* relationship to the 180-month sentence of imprisonment ultimately imposed by the district court. Even so, remand for resentencing is not warranted in this instance, because the record likewise makes abundantly "clear that the district court would have imposed the same sentence" if it had treated Bennett's sentence as one based upon a sentencing range that was subsequently lowered by an amendment to the Sentencing Guidelines.

To start, the sentencing transcript reflects that the district court chose a sentence of 180 months' of imprisonment having considered the applicable Sentencing Guidelines; the factors of 18 U.S.C. § 3553(a); its experience in sentencing individuals in similar kinds of cases; Bennett's extensive involvement of her teenage daughter in Bennett's criminal activities, showing a complete lack of responsibility to her daughter; and Bennett's failure to take responsibility for any of her actions.

As further evidence of the district court's strong condemnation of Bennett's behavior, the district court also announced at Bennett's 2012 sentencing: (1) its recommendation that Bennett serve her sentence as far away from Texas as possible—either Maine or the state of Washington; (2) its intent that Bennett's contact with her daughter be supervised during her prison term and whilst on supervised release; (3) its belief that it would be in Bennett's daughter's best interest "to have no more contact with [Bennett] ever again, period, end of it . . . [and that] there is nothing about [Bennett] in [the court's] opinion that's going to be helpful to [the] child."  To this, the district

No. 19-11217

court added: *"I didn't go as high as maybe you deserve in this case but certainly you deserve all that I gave you."* (Emphasis added.).[1]

Two years later, upon this court's vacatur of the judgment of conviction and sentence as to Count One, the district court, on remand, was charged with resentencing Bennett. Again, despite the absence of the conviction for Count One, the district court determined an aggregate sentence of 180 months' imprisonment was reasonable.

The district court's post-sentencing rulings—subsequent to the November 2015 retroactive effective date of Amendment 782—also are extremely telling, leaving no doubt as to the district court's assessment of the continued propriety of Bennett's sentence. Specifically, the district court has unequivocally reiterated in each of the *three* orders it has issued—addressing the *four* § 3582 motions for reduction filed by Bennett—that it finds a sentence of 180 months' imprisonment to be warranted. Indeed, in the most recent order, dated October 2019, the district court characterized Bennett's "repeated requests for the same relief on the same basis . . . as an abuse of the Court," that "impairs the justice system by wasting scarce judicial resources," and went so far as to order that any "additional motions pursuant to 18 U.S.C.

---

[1] It is worth noting that the government's motion for upward department and variance requested that Bennett be sentenced to *not less than 360 months of imprisonment.* In support of this request, the government argued Bennett's criminal history category of II did not adequately address her criminal background and that Bennett continually put the children in her family—her teenage daughter, her two-year-old grandson, and her teenage niece—and the community at risk, such that the case was "outside the heartland" of most gun and obstruction of justice cases. On this point, the government maintains that Bennett drove drunk with her two-year old grandson in the car; bypassed the alcohol Breathalyzer installed in her car by having her daughter blow into it; involved her daughter and niece in transporting and hiding methamphetamine and evidence of robbery—including guns— several times; allowed a known sex offender, with a proclivity for teenage girls, to live in her house in violation of sex offender requirements and without any regard for her daughter's safety; and routinely sold drugs from the house in which her minor children lived.

§ 3582(c) [and] seeking relief under Amendment 782 . . . be docketed for administrative purposes only and immediately terminated."

Given the foregoing, even if we assume, without deciding, that the district court committed technical error when it referred to Bennett's sentence as one "not based upon a sentencing range that was subsequently lowered by an amendment to the sentencing guidelines," the error, if any, was harmless. As the district court has stated, no less than *five* times, it has determined a total sentence of 180 months' imprisonment to be appropriate. Requiring the district court to do so a sixth time would simply waste judicial resources. Accordingly, the judgment of the district court is AFFIRMED.