# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50581
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

William Thomas Flournoy,

*Defendant—Appellant*,

consolidated with

---

No. 22-50582

---

United States of America,

*Plaintiff—Appellee*,

*versus*

William Flournoy,

*Defendant—Appellant*.

No. 22-50581
c/w No. 22-50582

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 7:14-CR-216-1, 7:22-CR-24-1

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges.*

Per Curiam:[*]

William Thomas Flournoy appeals the sentence imposed following his guilty plea conviction for possession with intent to distribute five grams or more of actual methamphetamine, as well as the judgment revoking his supervised release for a prior offense. He has not briefed, and has therefore abandoned, any challenge to the revocation of supervised release or to the revocation sentence. *See United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010).

Flournoy's sole argument on appeal is that the district court erred by declining to apply a minor role adjustment under U.S.S.G. § 3B1.2(b) when determining the sentence for this conviction. In general, the district court's interpretation or application of Section 3B1.2 is reviewed *de novo*, and its factual findings are reviewed for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016); *see United States v. Valencia*, 44 F.3d 269, 272 (5th Cir. 1995) (holding that whether a defendant is a minor participant is a factual finding reviewed for clear error). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

First, contrary to Flournoy's suggestion, the district court did not deny him a minor role adjustment because it believed it lacked the authority

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to do so.  Instead, after consideration of all facts and legal arguments, the court deemed Flournoy's contentions to be unpersuasive.  *See United States v. Garcia*, 655 F.3d 426, 431–32 (5th Cir. 2011).

The record reflects that Flournoy personally sold methamphetamine out of his residence on three occasions, obtained approximately four to five ounces of methamphetamine over the course of the preceding months, and had drug-packaging paraphernalia as well as 20.7 grams of methamphetamine in his bedroom.  Based on this evidence, the district court could plausibly conclude that Flournoy was not "merely peripheral to the advancement of illegal activity."  *Burton v. United States*, 237 F.3d 490, 504 (5th Cir. 2000).  Therefore, the district court did not clearly err in declining to apply a minor role adjustment under Section 3B1.2(b).  *See United States v. Castro*, 843 F.3d 608, 612–14 (5th Cir. 2016); *United States v. Gomez-Valle*, 828 F.3d 324, 331 (5th Cir. 2016).

The district court's judgments are AFFIRMED.